IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02555-WJM-MEH

DEBORAH LAUFER,

      Plaintiff,

v.

CHOI YUN SUB, and
CHOI YOUNG MI d/b/a Budget Host Longhorn Motel,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's "Renewed Motion to File Supplemental Complaint" ("Motion"). ECF 37. Defendants oppose the Motion arguing that Plaintiff lacks standing. ECF 41. The Motion is fully briefed and referred to this Court for disposition. ECF 38. For the following reasons, the Court respectfully recommends denying the Motion based on Plaintiff's lack of standing and dismissing her Complaint without prejudice.

## I.    Factual and Procedural Background

Plaintiff commenced this action against Defendants on August 25, 2020. ECF 1. Plaintiff alleges that Defendants own and operate the Budget Host Longhorn Motel located at 456 N. Main St., Byers, Colorado 80103. *Id.* at 2–3. Plaintiff is a resident of Pasco County, Florida and uses a wheelchair. *Id.* at 1. Plaintiff is a self-described "tester" for determining whether places of public accommodation and their websites comply with the Americans with Disabilities Act. *Id.* at 2. As summarized in her Motion, Plaintiff's claims hinge on her having reviewed the online reservations

system ("ORS") for Defendants' hotel. ECF 37 at 1, ¶ 1. Based on her review, she alleges that the ORS fails to comply with 28 C.F.R. §§ 36.302(e) and (2). *Id.* Consequently, Plaintiff alleges that she "suffered both informational injury and was additionally deprived of the information required to make a meaningful choice in selecting hotels and planning [her] trip." *Id.*

To begin, the Court set a scheduling conference for October 26, 2020. ECF 4. On September 21, 2020, Plaintiff returned executed summonses indicating Defendants had been served on September 19, 2020. ECF 7; ECF 8. No answer was filed by the October 13, 2020 deadline. On October 26, 2020, the Court held a conference in which all parties appeared, and Defendants indicated that they had served their Answer on Plaintiff but had not filed it on the docket. ECF 11. Although Defendants told the Court they would be filing the Answer electronically by the next day, *id.*, they did not file the Answer until November 4, 2020. ECF 12. The Court reset the scheduling conference for November 10, 2020. ECF 11. The Court held the scheduling conference and set case deadlines but held off on issuing a Scheduling Order until after the parties had resolved the question of consent to magistrate judge jurisdiction. ECF 14. The parties indicated that they did not consent, ECF 15, so the case was reassigned to District Judge William J. Martinez. ECF 17. Upon an order of reference, the Court issued the Scheduling Order on November 13, 2020. ECF 20.

On June 15, 2021, Plaintiff filed a motion to stay pending resolution of the Tenth Circuit case *Laufer v. Looper*, No. 21-1031 ("*Looper* case"). ECF 23. Because counsel did not describe the efforts to confer on the motion, the Court denied the motion for failing to comply with D.C.Colo.LCivR 7.1(a). ECF 25. Plaintiff renewed her motion on June 29, 2021, stating that counsel attempted to confer on three occasions, but no response was received. ECF 26. The Court issued a recommendation to grant the motion and administratively close the case pending

resolution of the *Looper* case. ECF 28. On August 5, 2021, District Judge Martinez adopted the recommendation and administratively closed this case. ECF 29.

On January 13, 2022, Plaintiff filed a motion to reopen this case following the Tenth Circuit's decision in the *Looper* case on January 5, 2022.[1] ECF 31. District Judge Martinez then ordered on January 14, 2022 that Defendants shall advise on their position with respect to the motion to reopen by January 18, 2022 at 12:00 p.m. ECF 33. On January 18, 2022, District Judge Martinez entered another order indicating that Defendants failed to file any document regarding their position. ECF 34. He also reopened the case and directed the parties to contact the undersigned's Chambers no later than January 24, 2022 "to move this case forward." *Id*. Neither party contacted Chambers by that date. However, Plaintiff's counsel called on January 25, 2022, telling the Court that they had been attempting to reach Defendants' counsel so as to comply with District Judge Martinez's order but have not heard any response. Regardless, it was apparent that Defendants failed to comply with two of District Judge Martinez's orders. Consequently, the Court issued an Order to Show Cause "as to why this Court should not recommend that default be entered in favor of Plaintiff . . . for [Defendants'] failure to comply with court orders and the resulting failure to participate in this case." ECF 39 at 2. Defendants filed a response on February 10, 2022, and the Court subsequently discharged its Order to Show Cause. ECF 40; ECF 42. Also on February 10, 2022, Defendants filed their response to the pending Motion, arguing it should be denied because Plaintiff lacks standing. ECF 41.

---

[1] As the Court will describe in more detail below, the Tenth Circuit held that Plaintiff lacked Article III standing "because she has not suffered a concrete injury in fact." *Laufer v. Looper*, 22 F.4th 871, 877 (10th Cir. 2022). The court held as much due to Plaintiff having no concrete plans to visit Craig, Colorado (i.e., the location of the defendants' hotel) or to book a room at the hotel. *Id.* at 878.

**II.     Discussion**

Rule 15 of the Federal Rules of Civil Procedure provides that "on motion and reasonable notice," the district court has discretion to permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Trial courts are given 'broad discretion' when deciding whether to permit a party to serve a supplemental pleading." *Browne v. City of Grand Junction*, 136 F. Supp. 3d 1276, 1298 (D. Colo. 2015) (citing *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)." *Moulton v. West*, No. 11-cv-03119-MSK-MJW, 2012 WL 2153429, at *1 (D. Colo. June 12, 2012) (quoting *Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003)). Therefore, "[l]eave to supplement a complaint should be given freely, based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies and prejudice to the opposing party." *Rezaq v. Nalley*, No. 07-cv-02483-LTB-KLM, 2010 WL 965522, at *3 (D. Colo. March 15, 2010) (citing *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998)); *see also Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186 (10th Cir. 2015).

This case was stayed pending the outcome of the *Looper* case because the parties agreed that the Tenth Circuit's decision on standing would likely affect whether there was subject matter jurisdiction in this case. Defendants argue in opposition to the Motion that, based on the *Looper* case, Plaintiff lacks standing. ECF 41 at 2. Notably, Defendants did not originally challenge Plaintiff's standing with the filing of her Complaint. ECF 12 (filing an answer instead of a motion to dismiss). Regardless, because standing affects this Court's subject matter jurisdiction, the Court

has an independent obligation to assure itself of the existence of jurisdiction. *New England Health Care Employees Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008) ("[A]ny party, including the court *sua sponte*, can raise the issue of standing for the first time at any stage of the litigation, including on appeal.").

"Article III of the Constitution permits federal courts to decide only 'Cases' or 'Controversies.'" *Looper*, 22 F.4th at 876 (citing U.S. Const. art. III, § 2). "Standing, a component of the case-or-controversy requirement, serves to ensure that the plaintiff is 'a proper party to invoke judicial resolution of the dispute.'" *Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217, 1223 (10th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). The existence of a live case or controversy, and thus standing, "is a constitutional prerequisite to federal court jurisdiction." *Citizens for Responsible Gov. State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1181–82 (10th Cir. 2000) (quotation omitted). To establish standing, a plaintiff must have (1) suffered an injury in fact; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is likely to be redressed by a favorable decision. *Looper*, 22 F.4th at 876 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

In this case, as was the principal issue in the *Looper* case, the question of standing hinges on whether Plaintiff has suffered a concrete, injury in fact. "To be 'concrete,' an injury must be 'real' rather than 'abstract.'" *Id.* (citing *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190 (10th Cir. 2021)). Additionally, the injury must be "'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). In the context of an imminent, future injury, the harm must be "'certainly impending, or there is a substantial risk that the harm will occur.'" *Id.* (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

Applying these principles, the Tenth Circuit held that Plaintiff lacked standing in the *Looper* case. There, the court thoroughly analyzed the Supreme Court's recent decisions in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) and *TransUnion, LLC v. Ramirez*, – U.S. –, 141 S. Ct. 2190 (2021) and explained that "a statutory violation does not necessarily establish injury in fact." *Looper*, 22 F.4th at 876–77. Under *Spokeo* and *TransUnion*, the Tenth Circuit concluded that Plaintiff lacked standing because "she has no concrete plans to visit Craig, Colorado, [i.e., the location of the defendants' hotel] or to book a room at the [hotel]."[2] *Id.* at 877–78. Following this conclusion, the court proceeded to distinguish the cases Plaintiff had cited in support of her contention that she had standing. *Id.* 878–83.

Based on Plaintiff's current Complaint, the Court would find a lack of any concrete injury and thus a lack of standing for the reasons stated in the *Looper* case. Plaintiff seemingly agrees. ECF 43 at 2 ("*Looper* only considered the facts set forth in the original complaint (which are similar to the original complaint in this case)."). Specifically, Plaintiff does not allege that she plans to visit or book a room with Defendants' hotel. *Id.* at 878. To avoid dismissal, Plaintiff filed her Motion seeking leave to file a supplemental complaint. ECF 37. Despite the additions, the Court finds that the proposed supplemental complaint also fails to establish standing. No doubt, Plaintiff properly moves under Rule 15 to supplement her Complaint to add various allegations that occurred after the filing of her Complaint. These include: (1) in June 2021, Plaintiff reviewed

---

[2] The only other circuit court to substantively analyze Plaintiff's claims also found that Plaintiff lacked standing. The Fifth Circuit in *Laufer v. Mann Hospitality, L.L.C.* held Plaintiff failed to plead a concrete injury because "she does not claim she tried to book a room or even intended to do so." 996 F.3d 269, 272 (5th Cir. 2021). The Court also rejected Plaintiff's theory of informational injury. *Id.* at 273 ("Without sufficiently concrete plans to book a stay at the motel, [Plaintiff] has failed to" allege "that the information had 'some relevance' to her.") (citations omitted). Additionally, although the court did not provide substantive analysis, the D.C. Circuit also found that Plaintiff lacked standing. *Laufer v. Alamac Inc.*, No. 21-7056, 2021 WL 4765435, at *1 (D.C. Cir. Sept. 10, 2021) (unpublished) (citing *Spokeo, Inc.*, 136 S. Ct. at 1548).

Defendants' ORS again and found it still did not comply with federal law, ECF 37-1 at 6, ¶ 13; (2) during July 2021, Plaintiff travelled by car through sixteen different states, including Colorado, *id.*; (3) she travelled "all through the entire State of Colorado," including the area of Defendants' hotel which she describes as "Eastern Colorado," *id.*; (4) she suffered "stigmatic injury and dignitary harm" due to Defendants' hotel failing to provide the required information to allow her to make a meaningful choice of where to stay during her trip, *id.*; and (5) Plaintiff intends to return to Colorado in November 2022 and "travel throughout the entire State," *id.* at 7, ¶ 15.

These allegations do nothing to save Plaintiff's Complaint. The Tenth Circuit made crystal clear that Plaintiff lacked standing in the *Looper* case because she did not have *concrete* plans to visit the location of the defendants' establishment or to book a room at the hotel. *Looper*, 22 F.4th at 877–78. Here, Plaintiff attempts to remedy the defect in the *Looper* case by alleging that she will travel to Eastern Colorado. But Eastern Colorado, however that may be defined exactly, is a large swath of Colorado; it could encompass distant places such as Wray or Las Animas, Colorado. Importantly, Plaintiff has not alleged that she will visit Byers, Colorado, the site of Defendants' hotel. Nor does she allege that she will (or even intends to) book at room at the hotel. Indeed, she travelled nearly throughout the entire country and plans to travel throughout the entire state of Colorado. Her proposed supplemental complaint therefore does not suggest an intent to visit the specific town where Defendants' hotel is located. Under the *Looper* case's rationale, the absence of such allegations results in a lack of standing. To the extent Plaintiff relies on an informational injury to support standing, her proposed supplemental complaint fails for these same reasons. *Id.* at 881 ("Ms. Laufer has not alleged that she has any interest in using the information she obtained from the [hotel's] ORS beyond bringing this lawsuit. She has no plans to visit Craig, Colorado. She did not attempt to book a room at the [hotel] and has no intent to do so.").

The *Looper* case did not address whether Plaintiff plausibly pleaded a "stigmatic" or "dignitary" harm theory of standing because she did not raise it in her briefs. *Id.* at 883 n.9 (declining to address that theory of injury). However, because the proposed supplemental complaint implicates such standing, the Court addresses it here. "In certain instances, stigmatic (or dignitary) harms may constitute an injury-in-fact when the defendant personally deprives the plaintiff of equal treatment." *Laufer v. Looper*, No. 20-cv-02475-NYW, 2021 WL 330566, at *7 (D. Colo. Jan. 11, 2021) (citing *Wilson v. Glenwood Intermountain Props., Inc.*, 98 F.3d 590, 596 (10th Cir. 1996)). "'Stigmatization may constitute an injury in fact for standing purposes, but it must be accompanied by concrete injuries.'" *Id.* (quoting *Sw. Envtl. Ctr. v. Sessions*, 355 F. Supp. 3d 1121, 1132 (D.N.M. 2018)).

As already described, Plaintiff lacks any specific intent to visit Defendants' hotel or book a room there. "[H]er lack of intent to visit the [h]otel makes her claimed dignitary injury–caused by surfing various websites in her home to check for ADA compliance–simply too attenuated to support Article III standing." *Laufer v. Galtesvar OM, LLC*, No. 20-cv-00588-RP, 2020 WL 7416940, at *6 (W.D. Tex. Nov. 23, 2020), *report and recommendation adopted*, 2020 WL 7416195 (W.D. Tex. Dec. 15, 2020). As one court aptly described,

> an ADA tester who encounters a hotel ORS that fails to comply with § 36.302(e)(1) certainly may suffer the type of "dignitary" and "informational" injuries Plaintiff complains of here; however, if the tester has no actual desire to *use* the ORS for any purpose, and the information required by § 36.302(e)(1) has no actual specific relevance to the tester beyond her generalized desire to find and redress ADA violations, those injuries are no more concrete or particularized than the injuries suffered by *any* disabled individual who happens to stumble across a noncompliant website while surfing the internet from the comfort of their home.

*Laufer v. Laxmi & Sons, LLC*, No. 119CV1501BKSML, 2020 WL 6940734, at *16 (N.D.N.Y. Nov. 19, 2020). Plaintiff's arguments in her Reply do not warrant departure from these decisions.

For these reasons, the Court does not find that Plaintiff pleads a concrete stigmatic or dignitary harm that would satisfy Article III standing requirements.

Finally, Plaintiff attempts to distinguish this case from *Laufer v. Red Door 88, LLC*, 2022 WL 474698 (D. Colo. Feb. 16, 2022). In that decision, which the Court believes to be the first[3] post-*Looper* case decision in this District, Senior District Judge R. Brooke Jackson reviewed the *Looper* case and found that Plaintiff's supplemental complaint failed to satisfy the standing requirement.[4] *Id.* at *1. Plaintiff's new allegations (which are nearly identical to those in this case) included that she planned to visit Colorado, including the Alamosa area where the defendant's hotel was located, travelled to Colorado in July 2021, and intended to return in November 2022. *Id.* at *3. Like this case, she did not allege any plans to stay at the defendant's hotel. *Id.* Even with the new allegations, Senior District Judge Jackson found Plaintiff "failed to allege what 'downstream consequences' she will face from the loss of information" and thus failed to establish standing. *Id.* Plaintiff primarily[5] challenges the *Red Door* decision because it improperly "held that the downstream consequence requirement can only be satisfied if it constitutes frustration of the intent to stay at the hotel." ECF 43 at 5. The Court disagrees. The Court reads the *Red Door* decision simply to apply the binding precedent established in the *Looper* case.

---

[3] After Plaintiff filed her Reply, Senior District Judge Jackson also decided *Laufer v. Boulderado Hotel LTD*, No. 20-cv-03550-RBJ, 2022 WL 523433 (D. Colo. Feb. 22, 2022). For the same reasons discussed in the *Red Door* decision, Senior Judge Jackson dismissed Plaintiff's claims in that case for lack of standing. *Id.* at *3–4.

[4] Taking a slightly different approach from this Recommendation, Senior District Judge Jackson granted Plaintiff's motion to supplement the complaint but ultimately dismissed the case anyway for lack of standing. *Red Door 88, LLC*, 2022 WL 474698, at *5.

[5] Plaintiff also attempts to distinguish the *Red Door* decision by arguing that it did not address dignitary harm. She is correct that the decision did not explicitly address that type of harm. But because the Court engages in its own analysis in this Recommendation, the Court need not address the absence of such discussion in the *Red Door* opinion.

**III.     Conclusion**

"Although testers may have standing under the ADA regardless of their motivations for encountering a violation, they still must satisfy the constitutional requirements of Article III." *Looper*, 22 F.4th at 883. Plaintiff's current Complaint does not meet these requirements, nor does the proposed supplemental complaint remedy the defects in the original pleading. As such, to allow Plaintiff to supplement would be futile. Accordingly, the Court respectfully recommends that the Motion [underline]filed January 27, 2022; ECF 37[/underline]] be **denied**.[6] Due to Plaintiff's lack of standing, the Court also respectfully recommends dismissing Plaintiff's Complaint without prejudice and closing this case.

Dated at Denver, Colorado, this 23rd day of February, 2022.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

[6] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).