IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2555-WJM-MEH

DEBORAH LAUFER,

    Plaintiff,

v.

CHOI YUN SUB, and
CHOI YOUNG MI, d/b/a Budget Host Longhorn Motel,

    Defendants.

## ORDER ADOPTING FEBRUARY 23, 2022 RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL

This matter is before the Court on the February 23, 2022 Recommendation of United States Magistrate Judge Michael E. Hegarty ("Recommendation") (ECF No. 44) that Plaintiff Deborah Laufer's Renewed Motion to File Supplemental Complaint ("Motion") be denied based on Plaintiff's lack of standing, that her Complaint be dismissed without prejudice, and that this case be closed. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed an objection to the Recommendation (the "Objection"). (ECF No. 45.)

Also before the Court is Plaintiff's Motion for Stay of Proceedings Pending Appeal ("Motion for Stay"). (ECF No. 46.) Defendants Choi Yun Sub and Choi Young Mi (jointly, "Defendants") filed a response. (ECF No. 48.)

For the reasons explained below, the Court overrules Plaintiff's Objection, adopts the Recommendation in its entirety, denies Plaintiff's Motion for Stay, and dismisses this

action without prejudice.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in the Complaint (ECF No. 1).[1] (ECF No. 44 at 1–3.)

Plaintiff filed this action on August 25, 2020. Plaintiff is a resident of Pasco County, Florida and uses a wheelchair. Plaintiff is a self-described "tester" for determining whether places of public accommodation and their websites comply with the Americans with Disabilities Act ("ADA"). Plaintiff's claims hinge on her having reviewed the online reservations system ("ORS") for Defendants' hotel. Based on her review, she alleges that the ORS fails to comply with 28 C.F.R. §§ 36.302(e) and (2).

On June 15, 2021, Plaintiff filed a motion to stay pending her appeal to the Tenth Circuit in *Laufer v. Looper*, No. 21-1031 ("*Looper* case"). (ECF Nos. 23, 26.) On August 5, 2021, the undersigned adopted the Magistrate Judge's recommendation to stay the case and administratively close it pending resolution of the *Looper* case. (ECF No. 29.)

On January 13, 2022, Plaintiff filed a motion to reopen this case following the Tenth Circuit's decision in the *Looper* case on January 5, 2022. (ECF No. 31.) In *Looper*, the Tenth Circuit held that Plaintiff lacked Article III standing "because she has not suffered a concrete injury in fact." *Laufer v. Looper*, 22 F.4th 871, 877 (10th Cir. 2022). The Tenth Circuit held as much due to Plaintiff having no concrete plans to visit

---

[1] The Court assumes the allegations contained in the Complaint are true for the purpose of resolving the Renewed Motion to File Supplemental Complaint. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Craig, Colorado (*i.e.*, the location of the defendants' hotel) or to book a room at the hotel. *Id.* at 878. On January 18, 2022, the undersigned issued an Order reopening the case and directing the parties to contact the chambers of the Magistrate Judge to move this case forward. (ECF No. 34.)

On January 27, 2022, Plaintiff filed the Motion, requesting leave to file a supplemental complaint. (ECF No. 37.) On February 10, 2022, Defendants filed a response, arguing that the Motion should be denied due to Plaintiff's lack of standing. (ECF No. 41.) On February 21, 2022, Plaintiff filed a reply. (ECF No. 43.)

On February 23, 2022, the Magistrate Judge issued the Recommendation. (ECF No. 44.) In the Recommendation, the Magistrate Judge explains that this case was stayed pending the outcome of the *Looper* case because the parties agreed that the Tenth Circuit's decision on standing would likely affect whether there was subject matter jurisdiction in this case. (*Id.* at 4.) Additionally, the Magistrate Judge states that in this case, as was the principal issue in the *Looper* case, the question of standing hinges on whether Plaintiff has suffered a concrete, injury in fact. (*Id.* at 5.) The Magistrate Judge reiterates that the Tenth Circuit held that Plaintiff lacked standing in the *Looper* case, and that based on the operative Complaint, the "Court would find a lack of any concrete injury and thus a lack of standing for the reasons stated in the *Looper* case." (*Id.* at 6.) Moreover, he explains that "Plaintiff seemingly agrees," "Plaintiff does not allege that she plans to visit or book a room with Defendants' hotel," and that to "avoid dismissal, Plaintiff filed her Motion seeking leave to file a supplemental complaint." (*Id.*)

However, the Magistrate Judge states in the Recommendation that he "finds that the proposed supplemental complaint also fails to establish standing" and explains the

3

various proposed allegations which occurred after the filing of Plaintiff's Complaint, which the Court will not reiterate here. (*Id.*) Nonetheless, the Magistrate Judge finds in the Recommendation that the additional allegations "do nothing to save Plaintiff's Complaint," noting that the Tenth Circuit "made crystal clear that Plaintiff lacked standing in the *Looper* case because she did not have *concrete* plans to visit the location of the defendants' establishment or to book a room at the hotel." (*Id.* at 7 (citing *Looper*, 22 F.4th at 877–78) (emphasis in original).) According to the Recommendation, Plaintiff's proposed amendments to her Complaint do "not suggest an intent to visit the specific town where Defendants' hotel is located," and under *Looper*, "the absence of such allegations results in a lack of standing." (*Id.*) Additionally, the Magistrate Judge concludes that Plaintiff failed to plead "a concrete stigmatic or dignitary harm that would satisfy Article III standing requirements." (*Id.* at 8–9.)

Finally, the Magistrate Judge notes that Plaintiff attempts to distinguish this case from *Laufer v. Red Door 88, LLC*, 2022 WL 474698 (D. Colo. Feb. 16, 2022). (*Id.* at 9.) The Recommendation reiterates that in *Red Door*, Senior District Judge R. Brooke Jackson reviewed the *Looper* case and found that Plaintiff's supplemental complaint failed to satisfy the standing requirement. (*Id.*) The Magistrate Judge observes that Plaintiff's new allegations in *Red Door* "are nearly identical to those in this case." (*Id.*) In *Red Door*, Judge Jackson found that Plaintiff failed to allege what downstream consequences she will face from the loss of information, and therefore failed to establish standing. (*Id.*) According to the Magistrate Judge, in the Motion, Plaintiff challenges *Red Door*'s purported improper holding that the downstream consequences requirement can only be satisfied if it constitutes frustration of the intent to stay at the

hotel.  (*Id.* at 9.)

In the Recommendation, the Magistrate Judge disagrees and "reads the *Red Door* decision simply to apply the binding precedent established in the *Looper* case." (*Id.*)  Based on this analysis, the Magistrate Judge recommends that the Court find that Plaintiff's current Complaint does not meet the constitutional requirements of Article III, nor does her proposed supplemental complaint remedy the defects in the original pleading.  (*Id.* at 10.)  Accordingly, the Magistrate Judge finds that allowing Plaintiff to amend her Complaint would be futile and recommends that the Court deny Plaintiff's Motion.  (*Id.*)  Additionally, the Magistrate Judge recommends that the Court dismiss the Complaint without prejudice due to Plaintiff's lack of standing and close this case.  (*Id.*)

On March 2, 2022, Plaintiff filed the Objection.  (ECF No. 45.)  She argues that: (1) the Recommendation improperly interpreted stigmatic and dignitary injury; (2) the supplemental complaint satisfies *Looper*; (3) the Recommendation improperly followed *Red Door* and *Laufer v. Boulderado Hotel LTD*, 2022 WL 523433 (D. Colo. Feb. 22, 2022); and (4) she adequately alleged her travel to the area of Defendants' hotel.

On March 3, 2022, Plaintiff filed the Motion for Stay.  (ECF No. 46.)  On March 7, 2022, Defendants filed their response.  (ECF No. 48.)

## II. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir.

5

1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

### III. ANALYSIS

**A.      Plaintiff's Objection**

   1.   <u>Whether the Recommendation improperly interpreted stigmatic and dignitary injury</u>

In the Recommendation, the Magistrate Judge notes that *Looper* does not address whether Plaintiff plausibly pled a "stigmatic" or "dignitary" harm theory of standing because she did not raise it in her briefs.  (ECF No. 44 at 8.)  Nonetheless, because her proposed supplemental complaint implicates such standing, it is addressed in the Recommendation.  (*Id.*)  "In certain instances, stigmatic (or dignitary) harms may constitute an injury-in-fact when the defendant personally deprives the plaintiff of equal treatment."  *Laufer v. Looper*, 2021 WL 330566, at *7 (D. Colo. Jan. 11, 2021) (citing *Wilson v. Glenwood Intermountain Props., Inc.*, 98 F.3d 590, 596 (10th Cir. 1996)).  "'Stigmatization may constitute an injury in fact for standing purposes, but it must be

6

accompanied by concrete injuries.'" *Id.* (quoting *Sw. Envtl. Ctr. v. Sessions*, 355 F. Supp. 3d 1121, 1132 (D.N.M. 2018)).

In the Recommendation, the Magistrate Judge concludes that Plaintiff fails to allege any specific intent to visit Defendants' hotel or book a room there, and as such, her lack of intent to visit the hotel makes her claimed dignitary injury—caused by surfing various websites in her home to check for ADA compliance—simply too attenuated to support Article III standing. (*Id.* (citing *Laufer v. Galtesvar OM, LLC*, 2020 WL 7416940, at *6 (W.D. Tex. Nov. 23, 2020), *report and recommendation adopted*, 2020 WL 7416195 (W.D. Tex. Dec. 15, 2020)) (quotation marks omitted).) Because Plaintiff failed to plead a concrete stigmatic or dignitary harm, the Magistrate Judge finds in the Recommendation that she failed to satisfy Article III's standing requirements. (*Id.* at 8–9.)

In her Objection, Plaintiff argues that the Recommendation "misreads applicable Supreme Court law" and states that "[s]uch injuries have been recognized by the Supreme Court in *Allen v. Wright*, 468 U.S. 737, 757 n.22 (1984)." (ECF No. 45.) Plaintiff does not further explain her arguments regarding *Allen*. She also relies on *Heckler v. Matthews*, 465 U.S. 728, 730 (1984) and *Tennessee v. Lane*, 541 U.S. 509, 53 [*sic*] (2004). (*Id.* at 2.) She argues that in *Looper*, the Tenth Circuit applied the additional injury argument of *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), and overlooked the express statement by the Supreme Court in *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021) that *Spokeo* does not apply to cases involving discrimination. (*Id.*)

Plaintiff raised nearly identical arguments in her briefing before the Magistrate Judge. (*See* ECF No. 43.) Upon review, the Court finds they are still without merit. As

the Magistrate Judge points out in the Recommendation (ECF No. 44 at 6), the Tenth Circuit "thoroughly analyzed the Supreme Court's recent decisions in [*Spokeo*] and [*TransUnion*] and explained that "a statutory violation does not necessarily establish injury in fact." *Looper*, 22 F.4th at 876–77.  The Court will follow the Tenth Circuit's application of Supreme Court case law regarding standing.

As the Magistrate Judge concludes in the Recommendation, Plaintiff's Complaint and proposed supplemental complaint lack allegations of her specific intent to visit Defendants' hotel or book a room, which makes her claimed dignitary injury too attenuated to support Article III standing.  (ECF No. 44 at 8.)  The Court agrees with the Magistrate Judge and numerous other courts considering Plaintiff's allegations in other cases on this point, and finds that Plaintiff has not sufficiently alleged stigmatic or dignitary injury such that she has standing here.  (*See, e.g.*, *Galtesvar*, 2020 WL 7416940, at *6; *Laufer v. Laxmi & Sons, LLC*, 2020 WL 6940734, at *16 (N.D.N.Y. Nov. 19, 2020).  Therefore, the Court overrules this portion of Plaintiff's Objection.

    2.    <u>Whether the supplemental complaint satisfies *Looper*</u>

In the Recommendation, the Magistrate Judge clearly states that Plaintiff's attempt to remedy the defect in *Looper* by alleging that she will travel to Eastern Colorado fails to satisfy *Looper* because that location is a "large swath" of Colorado and could encompass numerous distant places, Plaintiff did not allege that she would visit Byers, Colorado, the site of Defendants' hotel, and Plaintiff did not allege that she will or intends to book a room at the hotel.  (ECF No. 44 at 7.)  Because her proposed supplemental complaint does not suggest an intent to visit the specific town where Defendants' hotel is located, the Magistrate Judge concludes that Plaintiff lacks standing.  (*Id.*)

8

In her Objection, Plaintiff states that her proposed supplemental complaint alleges that she reviewed Defendants' ORS for the purpose of planning a trip she took in July, that she traveled to "the area of Defendant's [sic] hotel," and that she "traveled to Colorado and traveled throughout the entire State." (ECF No. 45 at 4.) She argues that the facts underlying her proposed supplemental complaint "substantially depart from the allegations at issue in *Looper*." (*Id.*) Notably, Plaintiff circumvents the core issue: that she has not alleged that she will or intends to travel to the location of Defendants' hotel or that she will or intends to book a room there. For these reasons, her argument that her proposed supplemental complaint satisfies *Looper* fail. Therefore, the Court overrules this portion of the Objection.

    3.    <u>Whether the Recommendation improperly followed *Red Door* and *Boulderado*</u>

In the Recommendation, the Magistrate Judge finds that Plaintiff failed to distinguish her case from *Red Door*. (ECF No. 44 at 9.) In *Red Door*, the court applied the Tenth Circuit's decision in *Looper* and found that Plaintiff's supplemental complaint—which, the Magistrate Judge observes in the Recommendation, contained allegations "nearly identical to those in this case"—failed to satisfy the standing requirement. (ECF No. 44 at 9); *Red Door*, 2022 WL 474698, at *1. Specifically, the *Red Door* court found that Plaintiff's allegations that she planned to visit Colorado, including the Alamosa area where the defendant's hotel was located, travelled to Colorado in July 2021, and intended to return in November 2022 were insufficient to establish standing under *Looper*.[2] *Id.* at *3.

---

[2] The Magistrate Judge also observes that like in *Red Door,* in this case, Plaintiff fails to allege any plans to stay at Defendants' hotel. (ECF No. 44 at 9.)

9

In the Recommendation, the Magistrate Judge notes that Plaintiff challenges *Red Door* on the basis that it improperly held that the downstream consequences requirement can only be satisfied if it constitutes frustration of the intent to stay at the hotel. (ECF No. 44 at 9.) However, the Magistrate Judge rejects Plaintiff's argument, finding that *Red Door* simply applies the binding precedent established in the *Looper* case. (*Id.*)

In her Objection, Plaintiff argues that the Recommendation, *Red Door*, and *Boulderado* are "flawed" because they "erroneously concluded that the downstream consequence requirement can only be satisfied if the plaintiff intended to stay at that specific hotel." (ECF No. 45 at 5.) Plaintiff raises the same arguments here as she did before the Magistrate Judge. Similar to the Magistrate Judge, the Court finds her arguments are without merit, and concludes that the Recommendation, *Red Door*, and *Boulderado* merely apply the binding precedent established in *Looper*. Therefore, the Court overrules this portion of the Objection.

    4.    <u>Whether Plaintiff adequately alleged her travel to the area of Defendants' hotel</u>

In her Objection, Plaintiff argues that the Recommendation "improperly required additional specification regarding Plaintiff's travels by requiring that she allege that she traveled to the exact area where Defendant's hotel is located." (ECF No. 45 at 9.) Plaintiff essentially argues it is sufficient that she alleges she traveled to the "area of Defendant's [*sic*] hotel." (*Id.* at 10.) She cites no authority in support of her argument, which the Court incidentally finds is far from adequately stated or developed. (*Id.* at 9–10.)

Despite her arguments, the Court finds that the Magistrate Judge correctly

10

concludes that Plaintiff's proposed supplemental complaint failed to satisfy Article III standing because, among other things, she does not allege plans to "visit the location of the defendants' establishment." (ECF No. 44 at 7.) This case is similar to *Looper* and *Red Door*, where Plaintiff failed to plead a concrete and particularized injury. In finding that Plaintiff failed to allege concrete harm in *Looper*, the Tenth Circuit relied, among other things, on the fact that Plaintiff "conceded . . . that she has no concrete plans to visit Craig, Colorado." *Looper*, 22 F.4th at 878. Similarly, in *Red Door*, the court noted that Plaintiff stated in her amended complaint that she "planned to visit Colorado, including the Alamosa area," and that in her supplemental complaint she alleged that she "visited Colorado." *Red Door*, 2022 WL 474698, at *3. However, the court in *Red Door* found such allegations insufficient under *Looper*, for she failed to allege that she ever intended to stay at the particular hotel in question during her summer trip or that she intends to stay there during her upcoming trip. *Id.*

Similarly here, in her proposed supplemental complaint, Plaintiff has only alleged that she "traveled all through the entire State of Colorado," which included "the area of Defendant's [*sic*] hotel- in Eastern Colorado." (ECF No. 37-1 at 6 ¶ 13.) These allegations are insufficient under *Looper*, which, as the Magistrate Judge states in the Recommendation, requires concrete plans to visit the location of a defendant's establishment. (ECF No. 44 at 7 (citing *Looper*, 22 F.4th at 877–78).)

The Court disagrees with Plaintiff that the Magistrate Judge imposed some additional pleading requirement on her regarding a specific location for her travels. Rather, the Court finds that the Magistrate Judge properly applied *Looper* and agrees with the Magistrate Judge's conclusion that "Eastern Colorado" comprises a large

portion of Colorado, and that Plaintiff's "proposed supplemental complaint therefore does not suggest an intent to visit the specific town where Defendants' hotel is located." (ECF No. 44 at 7.)  Such a broad allegation is insufficient to satisfy *Looper*'s requirements.  Therefore, the Court overrules this portion of the Objection.

**B.     Motion for Stay**

In the Motion for Stay, Plaintiff requests that the Court stay this case pending the Tenth Circuit's ruling in her February 24, 2022 appeal of *Red Door*. (ECF No. 46.)  She notes that this Court has previously stayed this case pending the appeal in *Looper* (ECF No. 29), and that other courts have likewise stayed her numerous other cases pending appeal.  (*Id.* at 2.)  Beyond citing other cases which have stayed their proceedings pending appeal, Plaintiff fails to cite authority supporting a stay of this action.

In response, Defendants point out that the Court has already stayed this case once, while Plaintiff appealed the *Looper* decision.  (ECF No. 48 at 1.)  Moreover, Defendants emphasize that this case was filed almost two years ago, in August 2020, "at the peak of the economic damages suffered by hospitality businesses including the Defendants."  (*Id.* at 2.)  "The costs and emotional distress suffered by Defendants continue on and there are many other businesses suffering from the same on similar cases."  (*Id.*)  Finally, Defendants state that "[t]hrough Plaintiff's Motion to Reopen and Leave to File Supplemental Complaint, Plaintiff failed to identify any cause, on why the Plaintiff now has standing that [she] did not previously have at the time of filing her claims."  (*Id.*)

The Court agrees with Defendants.  As explained above, the Court has overruled all of Plaintiff's objections to the Recommendation, which recommends that the Court deny her leave to file the proposed supplemental complaint and dismiss her Complaint

without prejudice for lack of standing. (ECF No. 44 at 10.) And, as Defendants point out, the Court has *already* stayed this case pending another one of Plaintiff's appeals. Given that the Court has found, based on recent binding, factually similar Tenth Circuit precedent in *Looper*, that Plaintiff lacks standing in this action, the Court declines to stay this case again while another of Plaintiff's appeals works its way through the appellate system. *See Boulderado*, 1:20-cv-3550-RJB (D. Colo.) (ECF No. 30) ("The Court declines to stay the case indefinitely waiting for an appellate decision in another of plaintiff's cases.").

## IV. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

(1)   Plaintiff's Objection (ECF No. 45) is OVERRULED;

(2)   The Magistrate Judge's Recommendation (ECF No. 44) is ADOPTED in its entirety;

(3)   Plaintiff's Motion for Stay of Proceedings Pending Appeal (ECF No. 46) is DENIED; and

(4)   Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE;

(5)   The Clerk shall terminate this action; and

(6)   All parties will bear their own court costs.

Dated this 10th day of May, 2022.

BY THE COURT:

William J. Martinez
United States District Judge